UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTONIO GORSIRA,<br>　　Petitioner,<br><br>v.<br><br>JOHN ASHCROFT, Attorney General of<br>the United States,<br>　　Respondent. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:     CIVIL ACTION NO.<br>    3:03cv1184 (SRU) |

## ORDER

Antonio Gorsira ("Gorsira"), allegedly a citizen of Guyana, was convicted of possession of narcotics and threatening in the first degree. As a result of these convictions, the Immigration and Naturalization Service ("INS") instituted removal proceedings against him. At his removal hearing, Gorsira argued, through his representative, that neither of his convictions constituted grounds for removal and, that in any event, he derived United States citizenship from his mother. On July 24, 2002, the Immigration Judge found Gorsira subject to removal.

Gorsira did not appeal this decision until seven days after the deadline for appeal had passed. Consequently, the Board of Immigration Appeals ("BIA") denied Gorsira's appeal as untimely.

On April 7, 2003, Gorsira (represented by new counsel) filed a motion to reopen on the basis of ineffective assistance of counsel. The Immigration Judge denied Gorsira's motion, finding that Gorsira was not prejudiced by his representative's failure to file a timely appeal because Gorsira had received a full and fair hearing in the immigration court.

Gorsira appealed this decision to the BIA, but, before receiving a ruling, filed the present petition for writ of habeas corpus and removal. The government responded to the petition arguing, among other things, that this court lacked jurisdiction to consider the petition because

Gorsira had not exhausted his appeals. Since those filings several things have happened in the case.

First, Gorsira found new counsel. Second, Gorsira's appeal to the BIA was denied, and the government stated, on the record, that it would no longer pursue failure to exhaust as a defense. Third, on the basis of the government's on the record representation that it would give this court fifteen days notice prior to removing Gorsira, I denied Gorsira's motion for a stay.

In addition, upon a review of the record, it appears that several documents potentially necessary to a ruling on the merits are not included in the court file. In particular, neither party has provided: (1) the BIA's recent denial of Gorsira's appeal, (2) the decision of the Immigration Judge at Gorsira's initial removal hearing, and (3) any evidence concerning Gorsira's underlying defenses to removal that may have been presented at his initial hearing.

Though it is true that Gorsira's petition technically does not challenge his initial hearing, that hearing is nevertheless potentially relevant. In order to address the merits of Gorsira's claim, I must determine whether the denial of his motion to reopen was an abuse of discretion. See, Zhao v. United States, 265 F.3d 83, 93 (2d Cir. 2001). That denial, however, was based on a finding of lack of prejudice, which in turn was based on the second Immigration Judge's review of what went on in Gorsira's initial hearing. In short, unraveling the thread of Gorsira's claim seems likely to lead back to the start of his case, and it is difficult to follow that thread without a more complete record.

Accordingly, because the record appears incomplete and because there have been several important intervening events since the parties last briefed this matter, I ask that both sides supplement the record and file any additional briefing no later than **May 14, 2004**. Should either side wish to file a response to the other side's submission, it should be filed no later than **May 21, 2004**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 21st day of April 2004.

      /s/ Stefan R. Underhill
      Stefan R. Underhill
      United States District Judge