UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THERESA HILL | : | |
| | : | |
| VS. | : | NO. 3:03CV4(JCH) |
| | : | |
| SBC / SOUTHERN NEW ENGLAND TELEPHONE (SNET) DISABILITY BENEFITS PLAN | : | MAY 10, 2004 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    BACKGROUND**

The plaintiff, Theresa Hill, an employee of SBC, received short term disability benefits from January 14 - February 8, 2002, approximately three weeks of benefits, because her gastro-intestinal symptoms prevented her from working. (Ex. 1, Attendance History, with notes) She was denied short-term disability benefits after that date. She did not return to work until May 22, 2002, because of her inability to control the gastro-intestinal symptoms and increasing symptoms of major depression. Notes of the defendant's benefits administrator indicate that her counselor at the time warned that the plaintiff was descending into a major depression. (Ex. 2, p. 111, Ex. 5) Approximately ten months later she qualified for disability benefits once again due to her psychiatric condition, commencing January, 2003 - January, 2004. She has not returned to work as of

this date.

The plaintiff asks, why did the defendant deny benefits after February 8, 2002 through May? (Ex. 3, Plaintiff's Deposition, pps 20-23, plaintiff's comments concerning wording of the Complaint)  She did not return to work until May 22, 2002 because of her continued vomiting and diarrhea.  She claims that the defendant's refusal to retroactively reverse its earlier decision is arbitrary and capricious in violation of ERISA.

**II.    STANDARD FOR SUMMARY JUDGMENT**

When passing upon a motion for summary judgment, the district may not resolve factual disputes or make credibility determinations, even if the case is one which eventually will be tried without a jury.  In re Unisys Savings Plan Litigation, 74 F.3d 420 (3d Cir. 1996).  Rather, the court must resolve any ambiguities and draw all inferences against the moving party. Tenenbum v. Williams, 193 F. 3d 581, 593 (2d Cir. 1999), cert. denied, 529 U. S. 1098 (2000).  The evidence of the party against whom summary judgment is sought must be accepted as true.  Revak v. SEC Realty Corp., 18 F.3d 81 (2d Cir. 1994).   "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper."  Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

To raise a genuine issue of material fact sufficient to defeat a summary judgment motion, the opponent need not match, item for item, each piece of evidence proffered by the moving party. So long as the opponent has offered enough evidence to exceed the "mere scintilla" threshold, summary judgment is to be denied. In re Unisys Savings Plan Litigation, supra, 74 F.3d 420, 433.

"A party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law....The moving party is said to bear both the initial burden of production and the ultimate burden of persuasion on the motion....A nonmoving party, even though having the ultimate burden at trial, may indeed have no obligation to offer evidence supporting its own case unles§s the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact." Carmona v. Toledo, 215 F.3d 124, 132-33 (1st Cir. 2000).

### III.    ARGUMENT

The plaintiff claims benefits under the employer's short-term disability plan and exhausted her administrative remedies prior to filing this action.

ERISA, like the Civil Rights Act of 1871 and 1964, and the Labor-Management Reporting and Disclosure Act, is remedial legislation which should be liberally construed in favor of protecting participants in employee benefit

plans. 29 U. S. C. §§ 1000- 1461; Walter Sweeney v. Bert Bell NFL Player Retirement Plan, 961 F. Supp. 1381, 1390 (1997).

ERISA does not specify the applicable standard of review for actions challenging benefit eligibility determinations. Drawing upon provisions of the Labor Management Relations Act and principles of trust law, courts have concluded that where an insurance plan gives its administrator broad discretion to determine whether a plan holder is entitled to payment of benefits for care he received, a court may reverse the administrator's decision only if it is arbitrary or capricious. See, e.g., Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 956- 57, 103 L.Ed.2d 80 (1989) O'Shea v. First Manhattan Co. Thrift Plan & Trust, 55 F.3d 109, 111-12 (2d Cir.1995). The court is required to consider "whether the ...decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment."Jordan v. Retirement Comm. of Rensselaer Polytechnic Inst., 46 F.3d 1264, 1271 (2d Cir.1995) ; Zuckerbrod v. Phoenix Mutual Life Insurance Co., 78 F. 3d 46, 49 (2d Cir. 1996).

The plaintiff contends that the defendant had an obligation to review its claim decision in light of information which became available at a later date. The defendant was aware that the plaintiff's medical condition became exacerbated during 2002, and that as of 2003, she qualified for disability benefits

once again. The defendant has had an ample opportunity to review all of the medical records supplied by the plaintiff while her administrative appeal and lawsuit were pending.  The defendant insists that it is required only to review the medical records which were created by medical providers from February - March, 2002, in order to sustain their decision.  The plaintiff argues that the defendant has an obligation to consider all of the plaintiff's records *, the totality of circumstances,* when reconsidering its claim decision for the period after February 9,  2002.  It is probable that the plaintiff's physical symptoms of gastro-intestinal distress in February - March, 2002 were causally related  to the symptoms which resulted in a determination that she qualified for the maximum period of disability benefits commencing in January,  2003. The defendant should be required to consider her earlier claim within this context.

It is clear from the telephone notes maintained by the Claims personnel during February and March, 2002, that the plaintiff's symptoms suggested a mental health issue.  As of March 22, 2002,  Augustus Pullen, a social worker who was counseling the plaintiff, advised the SMAART personnel (MD Mariade) that Ms. Hill had reported that she was unable to sleep, had no energy and had no appetite. He reported that she was exhibiting symptoms of major depression. (Ex. , Notes of SMAART personnel, 2/02-3/02).

In <u>Sweeney v. NFL</u>,  the court discussed factors which demonstrated an

abuse of discretion by a plan administrator in reviewing a claim for benefits. The court found that a <u>partial</u> denial of benefits was not supported by the medical evidence, which showed a pattern of disability due to abuse of prescription medication for pain control while the plaintiff had been an active player and in the years thereafter.  <u>Sweeney</u>, 961 F. Supp. 1381, at 1391(S. D. Cal., 1997)

In this case, the defendant has acknowledged that the plaintiff qualified for benefits after January, 2003, due to a mental health condition. The defendant had before it evidence of a similar condition in March, 2002, and yet it refused to re-open its claim decision for that time period.  The defendant's failure to "cure" this oversight is arbitrary and capricious.

The cases relied on by the defendant do not concern a partial denial of benefits.  They do not discuss a situation in which a claimant initially qualified for benefits, and later qualified again. (<u>Jones</u>, <u>Dunn</u>, <u>Kocsis</u>)

**IV.    CONCLUSION**

For the reasons set forth above, the plaintiff respectfully requests that the defendant's motion be denied.

THE PLAINTIFF

6

        _____
KATRENA ENGSTROM
Federal Bar No. ct09444
51 Elm Street
New Haven, CT 06510
203/562-9931
FAX:  203/776-9494
E-Mail: kengstrom@johnrwilliams.com
Her Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to Attorney Regina Duchin Kraus, Tyler Cooper & Alcorn, LLP, P. O. Box 1936, New Haven, CT 06509-1910.

_____
Katrena Engstrom