UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THERESA HILL, Plaintiff | : | |
| v. | : | CIVIL ACTION NO. 3-03-cv-4 (JCH) |
| SBC/SOUTHERN NEW ENGLAND TELEPHONE (SNET) DISABILITY BENEFITS PLAN Defendant. | : | FEBRUARY 24, 2005 |

**RULING RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 29]**

The plaintiff, Theresa Hill, initiated this action pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461. Hill claims that she is entitled to recover from the defendant, SBC/Southern New England Telephone Disability Benefits Plan ("SBC"), disability benefits that SBC wrongfully denied her. [Dkt. No. 1]. SBC has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Def.'s Mot. for Summ. J. [Dkt. No. 29].

## I. STANDARD OF REVIEW

In a motion for summary judgement, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgement as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). The burden of showing that no genuine factual dispute exists rests upon the moving party. Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. 2000) (citing Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1223 (2d Cir. 1994)).

Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgement is sought. Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38. "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." Carlton, 202 F.3d at 134. "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

## II. FACTS[1, 2]

The facts are largely undisputed. Hill has been an employee of Southern New England Telephone Company ("SNET") since July 1998. Between January 14, 2002 and February 8, 2002, she received short-term disability benefits pursuant to the SNET Disabilities Benefit Plan (the "Plan"). Hill also applied for short-term disability benefits for a period beginning February 9. 2002. The parties dispute whether she sought

---

[1]For the purposes of the instant motion, the court accepts facts undisputed by the parties as true and resolves disputed facts in favor of the plaintiff where the plaintiff provides evidence to support her allegations.

[2]After having consulted with counsel, the court directs the Clerk to unseal Docket Numbers 30, 31, 32, 40, and 47 such that there is public access to the record upon which the court relies.

benefits for the period of February 9, 2002 through March 18, 2002 or, rather, for February 9, 2002 through May 18, 2002. Regardless, benefits were denied for the period extending from February 9, 2002. Hill appealed the denial to the Employees' Benefit Committee (the "Committee"), which Committee upheld the denial of benefits. The Committee concluded that Hill's application was deficient insofar as there were insufficient clinical findings to support her inability to work during the relevant time period. The Committee's conclusion was based on all submitted documents and information and an independent medical review.

Short-term disability benefits "provide income replacement beginning on the eight calendar day when an illness or off-the-job injury prevents [an employee] from working." Your SNET Benefits Handbook for Bargaining Unit Employees (the "Handbook") [Dkt. No. 31, Ex. F] at 12. "In general, [short-term] disability benefits will be paid to [an employee] when [she is] too sick to perform any type of work." Id. at 16. Failure to provide medical information may result in termination of benefits. Id. at 21. The Plan gives the Committee

> sole and discretionary authority and control to manage the operation and administration of the Plan, including interpretation of all Plan provisions, construction of disputed or doubtful terms, and all questions relating to benefits. Any decision of the Committee or its designee shall be conclusive and binding on all parties and not subject to further review.

SNET Disability Benefits Plan, Amended and Restated Effective as of March 1, 1997 (the "Plan) [Dkt. No. 31, Ex. B] at 3-4. The Committee designated a third-party administrator to make eligibility determinations to the SBC Medical Absence and Accommodations Resource Team (the "Administrator").

Beginning January 7, 2002, Hill was absent from work. Under the Plan, she was found to be eligible for disability benefits as of January 14, 2002, eight days after she was first absent. On January 28, 2002, she returned to work and, thereupon, stopped receiving benefits. On February 1, she was again absent, and she received benefits from seven days, from February 1 through February 8. The Administrator informed Hill that continuation of receipt of benefits required additional submission of medical information. Hill was told that her doctors must submit such information by February 11. On February 11, Hill was notified that her claim was denied until the Administrator received "medical info that supports disability." Local Rule 56 Statement [Dkt. No. 40] at ¶ 27 citing Ex. 2 at 102. Hill appealed that determination.

Hill claims that she submitted sufficient medical records to support her claim. She points to records maintained by the Administrator that indicate receipt of a social worker's treatment notes for the period of February 4 through March 5. [Dkt. No. 40, Ex. 2] at 111. On February 19, the Administrator received a lab report as well as ultrasound results. On February 20, the Administrator received a note dated February 6 from Dr. Michael Blam which note indicated that Hill had flu-like symptoms, low-grade fever, persistent nausea and vomiting, and diarrhea. February 6 Letter from Dr. Michael E. Blam (hereinafter "Blam Ltr.") [Dkt. No. 31, Ex. P] at 1-2; see Claims Personnel Notes (hereinafter "Admin. Notes") [Dkt. No. 40, Ex. 2] at 105. That letter does not state that Hill was unable to work. That same day, the Administrator received from Dr. Blam records indicating that the ultrasound had been negative and that he believed Hill suffered from thyroid disease and viral gastroenteritis. Admin. Notes at 105. The Administrator's records indicate that Dr. Blam found that Hill was "essentially

normal." Id. at 105. In the course of Hill's appeal, the Administrator sought a review of Hill's records by Dr. Michael H. Basista. On February 20, Dr. Basista concluded that "[n]owhere in this record are there any indications that there were physical findings that would prevent someone from working, and there is no indication that there was nausea or diarrhea sufficient to prevent Ms. Hill from working." February 20 Letter from Dr. Michael H. Basista (hereinafter "Basista Ltr.) [Dkt. No. 31, Ex. L] at 1. Hill does not dispute that Basista reached such a finding but disputes its importance as it was made without the benefit of having Dr. Pullen's records.

On March 11, the Administrator received a letter dated March 7 from Hill's therapist, Dr. Augustus Pullen. In his letter, Dr. Pullen diagnosed Hill with Adjustment Disorder with Mixed Emotional Features, Axis I. March 7 Letter from Dr. Augustus Pullen (hereinafter "Pullen Ltr.") [Dkt. No. 40, Ex. 5] at 1; see Admin. Notes [Dkt. No. 40, Ex. 2] at 107. On March 18, the Administrator told Hill that the mental health diagnosis was insufficient to support a claim for disability without additional information to support a finding of inability to work. Admin. Notes [Dkt. No. 40, Ex. 2] at 108. On March 21, the Administrator requested of Dr. Pullen all treatment notes regarding Hill dating from February 9. On March 22, those notes were received and indicated that Hill was experiencing symptoms of major depression. Id. at 111. After reviewing Dr. Pullen's records, Dr. Blam's records, the ultrasound and laboratory reports, and other materials, the Administrator denied Hill's appeal. March 22 Letter from Maria de Courtenay, Appeal Specialist (hereinafter "de Courtenay Ltr.") [Dkt. No. 31, Ex. M] at 1.

Hill returned to work on May 22, 2002. Beginning January 9, 2003, following an absence from work of seven days, she was granted short-term disability benefits on the

grounds that she suffered a psychiatric condition. Her short-term benefits extended through January 7, 2004 when she began receiving long-term disability benefits.

## III. DISCUSSION

The parties agree that the Plan allowed the company or its designee discretion to interpret the Plan and award benefits. "Therefore, reviewing courts can disturb [the Administrator's] interpretations and actions only if they are arbitrary and capricious." Zervos v. Verizon New York, Inc., 277 F.3d 635, 646 (2d Cir. 2002) citing Miller v. United Welfare Fund, 72 F.3d 1066, 1070 (2d Cir. 1995). A plan administrator's actions may be found to have been arbitrary and capricious, for example, if the administrator adds additional language or requirements to unambiguous plan definitions, see Gallo v. Madera, 136 F.3d 326, 330 (2d Cir. 1998), or where there is no basis for a plan administrator's decision, see Zuckerbrod v. Phoenix Mut. Life Ins. Co., 78 F.3d 46, 50 (2d Cir. 1996).

"The arbitrary and capricious standard of review is highly deferential to a plan administrator. The question before a reviewing court under this standard is whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." Jordan v. Retirement Committee of Rensselaer Polytechnic Institute, 46 F.3d 1264, 1271 (2d Cir. 1994). A district court considering whether a challenged decision was arbitrary and capricious should consider only that evidence included in the original record before by the plan administrator. Zervos, 277 F.3d at 646-47. Hill's argument to the contrary is unsupported by any citation to precedent to support her position.

In this case, the Administrator concluded that the records before it did not establish Hill's inability to work, as required by the Plan in order to qualify for short-term disability benefits. The parties agree on the record what was before the Administrator at the time of both its original decision and the decision on appeal. Hill does not argue that at the time of either of those decisions, the Administrator overlooked particular documents or reports. The court's review of the record does not reveal any oversight by the Administrator of any document establishing Hill's inability to work.[3] While "[t]he plaintiff contends that the defendant had an obligation to review its claim decision in light of information which became available at a later date," Pl.'s Mem. in Opp. to Def.'s Mot. for Summ. J. [Dkt. No. 38] at 4, there is no merit to this contention. SBC had no duty to consider Hill's claim in light of information it received following its decision on Hill's appeal. Furthermore, there is no indication that the later records, establishing Hill's entitlement to disability benefits in January of 2003, provided evidence of Hill's inability to work in February of 2002. The Administrator's original decision and resolution of Hill's appeal were based on the record before it, and the court cannot conclude that those decisions were either arbitrary or capricious.

**IV. CONCLUSION**

Accordingly, the defendant's Motion for Summary Judgment [Dkt. No. 29] is GRANTED.

---

[3]Indeed, in Hill's Response to SBC's Local Rule 56(a)(1) Statement, she concedes that "[for] the period between February 9, 2002 and March 18, 2002, no health care provider provided any clinical findings to support functional limitations nor did they indicate that plaintiff was unable to work." Def.'s Am. Local Rule 56(a)1 Statement [Dkt. No.47] ¶ 4; accord Pl.'s Response to Def.'s Local Rule 56(a)(1) Statement [Dkt. No. 40] ¶ 4.

**SO ORDERED**

Dated at Bridgeport, Connecticut this 24th day of February, 2005.

/s/Janet C. Hall
Janet C. Hall
United States District Judge